**MIAO MIAO GUAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2808–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

Robert J. Pures, II, Christophe & Associates, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Francis W. Fraser, Margaret J. Perry, Senior Litigation Counsel, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Miao Miao Guan, a native and citizen of China, has filed a petition for review of a May 22, 2006 order of the BIA denying her motion to reopen. *In re Miao Miao Guan,* No. A73 662 786 (B.I.A. May 22, 2006). The BIA previously affirmed a decision by Immigration Judge ("IJ") Annette ´ Elstein finding Guan not credible with respect to her claims for asylum and withholding of deportation. *In re Miao Miao Guan,* No. A73 662 786 (B.I.A. Nov. 16, 2001), *aff'g* No. A73 662 786 (Immig. Ct. N.Y. City May 21, 1998). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse

of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

■■■ Guan argues that the BIA and IJ erred in denying her initial asylum application because the adverse credibility finding was not supported. She also argues that she met her burden of proof with respect to her original claims. However, because Guan did not file a timely petition for review from the BIA's November 2001 decision, we are precluded from considering these alleged points of error. *Id.* at 233. This Court also lacks jurisdiction over Guan's arguments related to her CAT claim because she failed to exhaust them before the agency. *See* 8 U.S.C. § 1252(d)(1). Accordingly, this Court's review is confined to whether the BIA abused its discretion in denying Guan's motion to reopen. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

■■■ Motions to reopen must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). The BIA issued Guan's final order of removal in November 2001. Guan's motion, filed in January 2006, is almost four years out of time. A motion that does not comply with the time limitations can be brought only where the alien establishes that it falls within one of the limited exceptions. *See* 8 C.F.R. § 1003.2(c)(3). One such exception, the only one applicable here, is where the alien can establish "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

Wang asserts that her proceedings should be reopened because she now has two children born in the United States. However, this Court has already held that a change in an individual's personal circumstances does not qualify under the changed circumstances exception; an individual must demonstrate that the country conditions have changed in order for this exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child in the United States); *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003) (per curiam). Accordingly, the BIA did not abuse its discretion when it determined that Guan's motion was untimely and failed to fall within one of the enumerated exceptions.

Based on the foregoing, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).